UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

VICTOR SANTANA,

                Plaintiff,                        Case No. 16 CV 7945

    -against-

                                                  **COMPLAINT**

GUESS ?, INC.,

                Defendants.

---

      Plaintiff, VICTOR SANTANA, (hereinafter the "Plaintiff"), by and through his counsel, Donald J. Weiss, Esq., hereby files this Complaint and sues GUESS ?, INC. ("Guess"), a foreign corporation authorized to transact business in the State of New York, for a) injunctive relief, b) compensatory relief and c) attorney fees and costs pursuant to 42 U.S.C. 12181, et. Seq., of the Americans with Disabilities Act ("ADA"), the New York City Human Rights Law ("NYCHRL"), and the New York State Human Rights Law ("NYSHRL") and alleges:

## JURISDICTION AND PARTIES

    1.     This is an action for declaratory and injunctive relief pursuant to Title III of the ADA, 42 U.S.C. § 12181, et. Seq. This Court is vested with original jurisdiction under 28 U.S.C. §1331 and §1343.

    2.     Venue is proper in this Court, pursuant to 28 U.S.C. §1391(B) in that all events giving rise to this lawsuit occurred in the State of New York.

    3.     The premises where the events which gave rise to this lawsuit is known as 23 Fulton Street, New York, New York (the "Property").

    4.     Venue is proper in this Court as the Property is located in New York County.

    5.     Upon information and belief, Guess is the lessee and/or operator of a retail business

engaged in the sale of clothing and accessories (the "Retail Store"), is the owner of the improvements at the Retail Store and maintains and controls the Retail Store.

6. Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, the Retail Store is a place of public accommodation in that it is an establishment which provides goods and services to the public.

7. Upon information and belief, the Retail Store occupies the Property pursuant to a written agreement.

8. Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, the Property is a public accommodation covered by the ADA and which must be in compliance therewith.

9. The remedies provided by the NYSHRL and NYCHRL against discrimination are not exclusive and state and city administrative remedies need not be exhausted in connection with suits brought under the ADA.

10. The Plaintiff has Cerebral Palsy. As a result, Plaintiff utilizes a wheelchair to ambulate. Plaintiff therefore has a disability within the meaning of the Title III of the Americans with Disabilities Act ("ADA"). 42 U.S.C. § 12102(2)(A). Plaintiff also has a physical disability within the meaning of the laws of the State of New York.

## FACTS

11. On or about October 10, 2016, Plaintiff visited the Retail Store to see if he could enter but was unable to do so. Plaintiff has wanted to shop at the Retail Store on many occasions, however because of the architectural barriers at the entrance (see Exhibit A), Plaintiff is deterred from attempting to enter and is denied full and equal access to, and full and equal enjoyment of, the facilities at the Property.

12. Defendant's violations impede upon Plaintiff's right to travel free of

discrimination.

13.     Plaintiff lives near the Retail Store and would like to shop there for gifts for his sister.

14.     Plaintiff will return to shop at the Retail Store once the barriers to his entry and enjoyment of the facilities have been removed.

15.     Records of the NYC Department of Buildings reveal that the Property has undergone substantial alterations since the advent of the ADA, the precise scope and nature of which are presently unknown.

16.     Prior to commencement of this action, an investigation of the Property was conducted, which revealed the following, including the statutory violations[1] described (all of which were observed by, or discussed with, Plaintiff prior to the filing of the Complaint):

The Retail Store is located on the corner of Fulton and Water Streets.  There are two entrances located on Fulton Street.  The Retail Store has an approximate 2 inch raised cement area roughly 36 inches in width running around the perimeter and both entrances have a nine inch rise in front of them which prevent the Plaintiff from entering.

The door closest to the corner is recessed approximately 12 inches and is situated between two columns, one on each side.  The second entrance consists of the same configuration.  Each entrance is comprised of two 32 inch wide doors which swing into the store.  There is no signage directing the disabled to an accessible entrance.  There is a large pull handle on one side of each set of double doors

Inside, there are two aisles less than 32 inches wide, which would not allow the Plaintiff to shop independently in his wheelchair.

---

[1] All of the statutes cited hereunder refer to the 2010 ADA Standards for Accessible Design.

The following is noted:

a. There is no accessible route because the step at each doorway creates a rise within the maneuvering clearance that Plaintiff is unable to navigate in his wheelchair. This prevents Plaintiff from moving from the sidewalk into the store, in violation of 206.2.1, 206.4, 302, 402, 404 and 404.2.

b. There is no accessible entry door on an accessible route, violating 206.4, 206.5, 206.4.1., 402 and 404.

c. There is no means of egress which Plaintiff could navigate to leave the store, violating 207.1.

d. With the 2 inch raised cement area and the 9 inch rises at the doors, the requirement that changes in level greater than ½ inch must be ramped is violated (303.4, 403.4, 404, 404.2.4).

e. There is no signage directing the Plaintiff to the nearest accessible entrance (216.6).

f. Opening a single door in the set of doors does not provide a 32 inch clear opening, so Plaintiff would not be able to pass through in his wheelchair, in violation of 404.2.3.

g. There handle on each set of doors is more than 48" above the floor and would not allow the Plaintiff to reach either handle from his chair in order to enter or exit the building (see, 404.2.7, and also advisory 404.2.7).

17. It is noted that there are no dressing rooms on the first floor of this 2 story establishment and if Plaintiff were to come shopping with his sister who is disabled, she would we unable to try on any clothing Plaintiff might wish to purchase for her.

## **COUNT I - VIOLATIONS OF THE ADA**

18. The ADA prohibits discrimination on the basis of disability.

19. The ADA and the 2010 Standards for Accessible Design dictate that property owners and operators of commercial premises being used as "commercial establishments" are responsible for complying with these Federal Accessibility Standards.

20. The Plaintiff is informed and believes that the Property has begun operations and/or undergone substantial remodeling, repairs and/or alterations since January 26, 1990.

21. Guess has discriminated, and continues to discriminate, against the Plaintiff, and others that are similarly situated, by denying full and equal access to and full and equal enjoyment of goods, services, facilities, privileges, advantages, and/or accommodations at the Retail Store, in violation of the ADA.

22. The Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, all the accommodations and services offered at the Retail Store.

23. Plaintiff visited the Retail Store with the intention of enjoying Guess' facilities, but was denied access to the Retail Store, and therefore suffered an injury in fact.

24. Plaintiff continues to reside in the neighborhood where the Retail Store is located and will continue to visit the Retail Store in the future, but continues to be injured and discriminated against due to the architectural barriers which remain at the Retail Store, all in violation of the ADA.

25. To date, the barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to comply with the provisions of the ADA.

26. Guess continues to deny Plaintiff, who wishes to enjoy the Retail Store's services, opportunities which are equal to that afforded to others, by discriminating on the basis of a disability. 42 U.S.C. §§ 12182(b)(l)(A)(ii) and 12182(b)(l)(D)(i); 28 C.F.R. §§ 36.202(b) and

36.204.

27. Defendant could have removed some of the illegal barriers at the Retail Store by i) ramping, with railings, the raised cement area and 9 inch rise at either entrance and ii) providing an entrance door capable of being independently opened by a wheelchair using patron.

28. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant the Plaintiff injunctive relief, including an order to alter the Retail Store to make it readily accessible to, and useable by, individuals with disabilities to the extent required by ADA, and closing the Retail Store until the requisite modifications are completed.

## COUNT II – VIOLATIONS OF THE NYCHRL

29. Plaintiff repeats, reiterates, and re-alleges each and every allegation hereinabove set forth with the same force and effect as if hereinafter set forth at length.

30. The NYCHRL provides:

> It shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place or provider of public accommodation because of the actual or perceived…disability…of any person, directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof…to the effect that any of the accommodations, advantages, facilities and or denied to any person on account of…disability…

NYC Admin. Code §8-107(4)(a).

31. Guess is in violation of the NYCHRL by denying the Plaintiff full and safe access to all of the benefits, accommodations and services of the Property.

## COUNT III – VIOLATIONS OF THE NYSHRL

32. Plaintiff repeats, reiterates, and re-alleges each and every allegation hereinabove set forth with the same force and effect as if hereinafter set forth at length.

33. The NYSHRL provides:

> It shall be unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent, or employee of any place of public accommodation…because of the…disability…of any person, directly, or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities, or privileges thereof…to the effect that any of the accommodations, advantages, facilities and privileges of any such place shall be refused, withheld from or denied to any person on account of…disability…

NYS Exec. Law §296 (2)(a).

34. The Retail Store is a place of public accommodation as defined in the NYSHRL.

35. Guess has further violated the NYSHRL by being in violation of the rights provided under the ADA.

36. Guess is in violation of the NYSHRL by denying the Plaintiff full and safe access to all of the benefits, accommodations and services of the Retail Store.

## DAMAGES

37. The Plaintiff demands One Thousand Dollars ($1,000.00) in compensatory damages based on the Guess' violation of the NYCHRL and the NYSHRL.

## INJUNCTIVE RELIEF

38. Pursuant to 42 U.S.C. §1288, this Court is vested with the authority to grant the Plaintiff's injunctive relief; including an order to alter the Retail Store to make it readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, the NYCHRL and the NYSHRL, and closing the Retail Store until the requisite modifications are completed.

## ATTORNEY'S FEES AND COSTS

39. The Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action. The Plaintiff is entitled to have his reasonable attorneys' fees costs and expenses paid by Guess, pursuant to the ADA and the NYCHRL.

40. Plaintiff prays for judgment pursuant to N.Y. Exec. Law §297, including compensatory damages contemplated by §297(9).

WHEREFORE, the Plaintiff hereby demands judgment against Guess and requests the following injunctive and declaratory relief:

a. The Court declares the Retail Store owned, operated, leased, controlled, and/or administered by Guess in violation of the ADA, the NYCHRL, and of the NYSHRL;

b. The Court enter an Order requiring Guess to alter its facilities and amenities to make them accessible to and usable by individuals with disabilities to the full extent required by Title III of the ADA and by NYCHRL, and the NYSHRL;

c. The Court enter an order directing Guess to evaluate and neutralize its policies, practices and procedures toward persons with disabilities, for such reasonable time to as to allow Guess to undertake and complete corrective procedures to the Retail Store;

d. The Court award Plaintiff such damages as are provided for under New York law;   e. The Court award reasonable attorney fees, all costs (including but not limited to court costs, expert fees, etc.) and other expenses of suit to the Plaintiff; and

f. The Court award such other and further relief as this Court deems necessary, just and proper.

Dated: October 10, 2016

                                            Donald J. Weiss, Esq. (7619)
                                            Attorney for Plaintiff
                                            1 Penn Plaza, Suite 4701
                                            New York, NY 10119
                                            (212) 967-4440

EXHIBIT A

